UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Isaiah Harris, | Case No. 2:25-cv-08280-RMG-MGB |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Joshua Scarborough, and Summerville Police Department, | |
| Defendants. | |

Isaiah Harris ("Plaintiff"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this civil action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.). Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. While the undersigned has authorized service of process with respect to Defendant Joshua Scarborough, Plaintiff's allegations against the Summerville Police Department (the "Police Department") must be summarily dismissed.

## BACKGROUND

The Complaint alleges that on or around November 19, 2024, Defendant Joshua Scarborough, an officer with the Summerville Police Department, initiated an "unlawful" traffic stop while Plaintiff was "riding with his girlfriend." (Dkt. No. 1 at 5.) Plaintiff contends that Defendant Scarborough "profiled him and his girlfriend" and "pulled them over without any probable cause to do so." (*Id.*) Although Defendant Scarborough apparently found marijuana in Plaintiff's pants, the Complaint alleges that he planted fentanyl on Plaintiff's person and "charged

him with trafficking [that] drug . . . instead of the marijuana found."[1] (*Id.*) The fentanyl charge was later dismissed on or around May 9, 2025. (*Id.*) Based on the above, the Complaint appears to allege unlawful search and seizure, due process violations, and malicious prosecution. (*Id.* at 4–5.) Plaintiff seeks approximately $10 million in damages for "jail time" and "loss [of] time with family." (*Id.* at 6.)

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is

---

[1] A cursory search of the Dorchester County Public Index indicates that Plaintiff was arrested for trafficking in fentanyl (Case No. 2024A1820501101) on or around November 14, 2024. *See* https://www.sccourts.org/case-records-search/ (limiting search to Isaiah Harris) (last visited Sept. 10, 2025); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts). The Dorchester County Court of General Sessions apparently dismissed the charge pursuant to a nolle prosequi order on or around June 10, 2025.

designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and

decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## DISCUSSION

A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). Thus, to state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *see also Iqbal*, 556 U.S. at 676 (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

At issue here, Plaintiff appears to name the Summerville Police Department as a defendant in this action. (Dkt. No. 1 at 1.) Courts have routinely held that "inanimate objects such as buildings, facilities, and grounds" do not qualify as "persons" amenable to suit under § 1983. *Glenn v. Walters*, No. 7:18-cv-275-HMH-KFM, 2018 WL 2122895, at *4 (D.S.C. Apr. 13, 2018), *adopted*, 2018 WL 2118025 (D.S.C. May 8, 2018). Because the Police Department is "a facility, building, or group of people," it does not constitute a person for purposes of § 1983, regardless of whether Plaintiff refers to the physical building or the staff and collection of officials it houses. *Madison v. Shell*, No. 7:22-cv-3549-TMC-JDA, 2022 WL 17156885, at *3 (D.S.C. Nov. 3, 2022), *adopted*, 2022 WL 17128451 (D.S.C. Nov. 22, 2022); *see also Miller v. Rock Hill Police Dep't*,

No. 2:09-cv-737-JFA-RSC, 2009 WL 1160181, at *3 (D.S.C. Apr. 29, 2009), *aff'd*, 333 F. App'x 703 (4th Cir. 2009) (explaining that whether a plaintiff uses the term "police department" in an attempt "to name the building where police officers work or to name the police department staff as a whole," in either instance, "such an entity is not a 'person' amenable to suit under [§ 1983]"). Consequently, the Police Department is not subject to suit under § 1983, and any such claims are therefore subject to summary dismissal.[2] *See Elder v. Hayden Fam.*, No. 9:22-cv-1666-TMC-MHC, 2022 WL 18674842, at *3 (D.S.C. Oct. 21, 2022), *adopted*, 2023 WL 1971974 (D.S.C. Feb. 13, 2023) (collecting cases).

## CONCLUSION

For the reasons discussed above, the undersigned is of the opinion that Plaintiff cannot cure his claims against the Summerville Police Department and therefore **RECOMMENDS** that the Court summarily **DISMISS** the same without leave to amend. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022).

**IT IS SO RECOMMENDED.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 10, 2025
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

---

[2] It is worth noting that to the extent the Police Department is somehow considered a municipal entity, the Complaint still fails to state an actionable claim to relief under 42 U.S.C. § 1983. Indeed, while it is true that a municipality or local government unit may be considered a "person" under § 1983, such entities are liable only where the deprivation of a constitutional right is "caused by action taken 'pursuant to official municipal policy of some nature. . . .'" *Pembaur v. City of Cincinnati*, 475 U.S. 469, 471 (1986) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Because the Complaint does not allege or suggest that Defendant Scarborough acted pursuant to a municipal policy or practice in arresting/charging Plaintiff, the pleading fails to demonstrate municipal liability.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).