**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Isaiah Harris | Case No. 2:25-8280-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Joshua Scarborough, | |
| Defendants. | |

This matter, brought pro se, is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 43), recommending that the Court dismiss this action with prejudice for failure to prosecute. This order followed Plaintiff's failure to respond to Defendant's motion to dismiss. Plaintiff was given notice that a party had 14 days from the date of the R&R to file any objection and a failure to file a timely objection would result in limited, clear error review and waiver of the right to appeal the district court's order. (*Id.* at 3). No timely objection was filed.

## I.    Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead

must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## II.    Discussion

Plaintiff asserted a § 1983 claim asserting that the Defendant, a Summerville, South Carolina police officer, arrested him for trafficking in fentanyl when he was only in possession of marijuana. (Dkt. No. 1 at 2).  As mentioned previously, Plaintiff filed no response to Defendant's motion to dismiss or to the R & R.  The Magistrate Judge correctly concluded that Plaintiff's failure to respond to the motion to dismiss reflected an intent not to prosecute this case.  This conclusion was reinforced by Plaintiff's failure to file objections to the R & R.

### Conclusion

For the foregoing reasons, the R&R is **ADOPTED** (Dkt. No. 43) as the Order of the Court. This action is **DISMISSED WITH PREJUDICE.**

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel

Richard Mark Gergel
United States District Judge

April 19, 2026
Charleston, South Carolina